CRONE, Judge,
concurring in part and concurring in result in part.
I agree with the majority that the State produced sufficient evidence to support Harris’s conviction under Indiana Code Section 11-8-8-17; that he waived his ex post facto claim as to Indiana Code Section 11-8-8-8; that he waived his claim that his convictions violate the Resolution from the United Nations Human Rights Council; and that he waived his claims regarding the trial court’s denial of his motion in limine and the prosecutor’s alleged misconduct. I also agree that Indiana Code Section 11-8-8-8 is not unconstitutional as applied to Harris under the First Amendment. As to the remaining issues, I respectfully concur in result.
Harris first contends that Indiana Code Sections 11-8-8-7, 11-8-8-17, and 35-42-4-12 are unconstitutional as applied to him under the First Amendment to the U.S. Constitution and Article 1, Section 9 of the Indiana Constitution. Like the majority, I agree with the State that Indiana Code Section 11-8-8-17 “merely makes it a crime to failure to register as required by law, which does not implicate” any constitutional free-speech provision, and thus his “constitutional arguments are properly directed toward the substance of the registration requirement, which is found in Section 11-8-8-8.” Appellee’s Br. at 9 n. 5. As mentioned above, I agree with the majority that Indiana Code Section 11-8-8-8 is not unconstitutional as applied to Harris under the First Amendment. As for Harris’s state constitutional argument, however, I would simply hold that he has failed to establish that the statute has actually restricted his expression and say nothing more on the subject.
As for Indiana Code Section 35-42-4-12, the majority acknowledges that the Seventh Circuit Court of Appeals recently addressed its constitutionality under the First Amendment in Doe v. Marion County Prosecutor, 705 F.3d 694 (7th Cir.2013), but never quite gets around to saying that the court found the statute unconstitutional on its face. See id. at 695 (“We ... hold that the law as drafted is unconstitutional. Though content neutral, we conclude that the Indiana law is not narrowly tailored to serve the state’s interest.”). I acknowledge that we are not bound by the Seventh Circuit’s holding and that Doe is both factually and procedurally distinguishable, but I see no reason to reinvent the wheel here and would reverse Harris’s conviction *786 under Indiana Code Section 35-42-4-12 based on Judge Flaum’s persuasive analysis in that case. We need not address Harris’s state constitutional argument here, but I would simply note that the protections of Article 1, Section 9 of the Indiana Constitution are at least equal to if not greater than those of the First Amendment.